IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JESUS CASTRO,                              §
                                          §
        Plaintiff,                         §
                                          §
v.                                         §        Civil Action No. 1:19-cv-1008
                                          §
WELLS FARGO BANK, N.A.,                    §
                                          §
        Defendant.                         §

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF JESUS CASTRO, by and through his counsel, files this Complaint against

Defendant WELLS FARGO BANK, N.A. for willful violations of the Age Discrimination in

Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Texas Labor Code §21.051

*et seq.* ("TCHRA").  In support of his causes of action, Plaintiff states the following:

**I.
INTRODUCTION**

1.      Mr. Castro brings this action alleging Defendant discriminated and retaliated

against him by refusing to hire him, in violation of the ADEA and TCHRA.  Defendant terminated

Mr. Castro at the age of 65, after 44 years of spotless and stellar performance, as part of a "re-

organization" of his division.  Defendant reassigned or rehired all senior managers affected by the

reorganization except for Mr. Castro.  Defendant then posted an essentially equivalent position as

Mr. Castro's, but refused to hire Mr. Castro and instead hired a younger, less qualified candidate

for the role.  Defendant refused to hire Mr. Castro soon after he filed a charge of age discrimination.

Plaintiff seeks damages for said refusal to hire as outlined below.

1

**II.**
**PARTIES, JURISDICTION, AND VENUE**

2.      Plaintiff JESUS CASTRO is an individual residing in Austin, Texas.

3.      Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a corporate entity formed and existing under the laws of the State of California.

4.      Defendant, at all relevant times, operated at multiple locations throughout the United States, with a headquarters in California.

5.      The events at issue in this Complaint occurred at Defendant Wells Fargo's locations in Austin, Texas or while Plaintiff worked from his home in Austin, Texas.

6.      This Court has jurisdiction to hear the merits of Mr. Castro's claims under 28 USC § 1332(a).

7.      Mr. Castro exhausted his administrative remedies under the ADEA and the TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC") and receiving a Right to Sue letter.

8.      Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**III.**
**FACTUAL BACKGROUND**

9.      Mr. Castro worked for Defendant for over 44 years. He began working at Defendant in 1974.

10.      Mr. Castro was 65 years old at the time of employment.

2

11.     Mr. Castro was a very productive employee.  He received no discipline throughout his long career.  Mr. Castro earned only very positive performance evaluations and many promotions, most recently to Contact Center Senior Leader in 2014.

12.     In March 2018, Mr. Castro earned another stellar performance review and earned the highest performance-based bonus possible.

13.     In April 2018, Defendant placed Renee Covi, Executive Vice President/Non-Evaluated Manager, above Mr. Castro's division: WF Virtual Channels Contact Centers.  Upon information and belief, Covi is in her 40's.

14.     On September 19, 2018, Covi told Mr. Castro that his job was being eliminated due to a re-organization of his division.

15.     Upon information and belief, Defendant placed all senior managers in the division who desired to continue working (approximately 25) in essentially equivalent positions except for Mr. Castro.  Mr. Castro was one of the oldest employees in the division, if not the oldest, and the only senior manager 60 years old or older.

16.     On or around September 28, 2018, Wells Fargo internally and externally posted two "Everyday Banking" positions.  These positions are essentially equivalent to the position Mr. Castro and his less experienced counter-part, Randy Thomas, held, combined and split into a Western division and Eastern division.

17.     Mr. Castro applied for those open positions immediately after Defendant posted them.

18.     On October 4, 2018, Mr. Castro filed a charge of age discrimination with the EEOC and TWC.

19.    On November 26, 2018, Wells Fargo refused to hire Mr. Castro for the position of Everyday Banking – Western Division.

20.    Upon information and belief, Covi placed Thomas in the Western Division position.

21.    On December 22, 2018, Wells Fargo refused to hire Mr. Castro for the position of Everyday Banking – Eastern Division, despite Mr. Castro's experience and qualifications for that role and the role's likeness to his Contact Center Senior Leader position.

22.    Upon information and belief, Covi hired Tanya Hudson (40's) for the Eastern Everyday Banking position.

23.    In or after January 2019, Wells Fargo also refused to hire Mr. Castro for two other open positions for which he applied and was well qualified for: Financial Crimes Manager 5 and Head of Auto Operations.

24.    Upon information and belief, Covi has exhibited a pattern and practice of hiring and favoring younger employees, including, but not limited to, Covi's selection of younger employees to lead the "contact center of the future" initiative and her decision around mid-to-late 2017 to displace Ed Pfeiffer (50's) and replace him with Megan Bowen (30's) through a reorganization.

### IV.
### CAUSES OF ACTION

### Count 1: Age Discrimination

25.    Mr. Castro incorporates all statements of fact into his first cause of action as if repeated verbatim.

26.    The Age Discrimination in Employment Act ("ADEA") and the TCHRA prohibit discrimination targeted at an employee over 40 years of age on the basis of his age.

27.     Defendant is an employer within the meaning of the ADEA and the TCHRA.

28.     Mr. Castro was an employee within the meaning of the ADEA and the TCHRA at all times relevant to his Complaint.

29.     Mr. Castro, an employee over 40 years of age, belongs to a class protected under the ADEA and the TCHRA.

30.     By refusing to hire Mr. Castro for the Everyday Banking – Eastern Division position and other positions he subsequently applied for, Defendant discriminated against Mr. Castro based on his age, in violation of the ADEA and the TCHRA.

31.     Defendant's refusal to rehire Mr. Castro's was because of his inclusion in a protected class (age – over 40).

32.     Defendant discriminated against Mr. Castro based on his age intentionally and with reckless disregard to Mr. Castro's rights under the ADEA and the TCHRA.

33.     The unlawful practices committed by Defendant directly caused Mr. Castro's damages, as set forth below.

### Count 2: Retaliation

34.     Mr. Castro incorporates all statements of fact into his second cause of action as if repeated verbatim.

35.     The Age Discrimination in Employment Act ("ADEA") and the TCHRA prohibit retaliation towards on employee because that employee opposed age discrimination or because that employee filed a charge of discrimination.

36.     Defendant is an employer within the meaning of the ADEA and TCHRA.

37.     Mr. Castro is an employee within the meaning of the ADEA and TCHRA.

38.    Mr. Castro engaged in protected activity by filing a charge of age discrimination with the EEOC and opposing age discrimination by Defendant.

39.    Defendant subjected Mr. Castro to a materially adverse action (refusal to hire) after the protected activity took place, in violation of the ADEA and TCHRA.

40.    There was a causal connection between Mr. Castro's protected activity and Defendant's refusal to hire him.

41.    Defendant retaliated against Mr. Castro intentionally and with reckless disregard to Mr. Castro's rights under the ADEA and TCHRA.

42.    The unlawful practices committed by Defendant directly caused Mr. Castro's damages, as set forth below.

## V.
## DAMAGES

43.    As a result of Defendant's unlawful conduct, Mr. Castro has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages.

44.    Defendant acted in reckless disregard to Mr. Castro's right to be free from age discrimination and intentionally engaged in an unlawful employment practice by discriminating against Mr. Castro.

45.    Defendant's oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of :

    (a) liquidated damages under ADEA (29 U.S.C.A. § 626(b)) equal to the back

    pay awarded; and/or

(b) Damages for emotional distress and mental anguish pursuant to Texas Labor Code § 21.2585; and/or

(c) Punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.

## ATTORNEYS' FEES

46. A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA and TCHRA.

47. Mr. Castro seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

48. Mr. Castro additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.

## JURY DEMAND

49. Mr. Castro demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. Castro requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award Mr. Castro economic and liquidated or non-economic damages, as specified above;

3. The Court award Mr. Castro punitive damages, as specified above;

3. The Court award Mr. Castro the equitable remedy of reinstatement or, in the alternative, front pay;

4. The Court award Mr. Castro his reasonable attorneys' and expert fees and costs;

7

5. The Court award Mr. Castro pre- and post-judgment interest at the highest rates allowed; and

6. The Court award Mr. Castro any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

*/s/ Daniel B. Ross*
**Daniel B. Ross**
State Bar No. 00789810
Dan@rosslawgroup.com
**Brett C. Beeler**
State Bar No. 24097357
Brett@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**